# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRITTON, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>POLESTAR AUTOMOTIVE HOLDING UK PLC, THOMAS INGENLATH, JOHAN MALMQVIST, AND PER ANSGAR,<br><br>　　　　　　　Defendants. | Case No. 2:25-cv-00840<br><br>**CO-LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...............................................................................II

INTRODUCTION ............................................................................................1

ARGUMENT ...................................................................................................3

    I.      THE LITIGATION OF CO-LEAD PLAINTIFFS' EXCHANGE
           ACT CLAIMS IS APPROPRIATE IN THIS DISTRICT ....................5

    II.    THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR
           OF DENIAL OF THE MOTION .......................................................10

CONCLUSION ...............................................................................................13

CERTIFICATE OF SERVICE .........................................................................15

i

# TABLE OF AUTHORITIES

**CASES**                                                                              **Page(s)**

*Air Canada & Aeroplan Inc. v. Localhost LLC*,
   C.A. No. 23-1177-GBW, 2024 WL 1251286 (D. Del. Mar. 14, 2024) .................4

*Atlantic Marine Constr. Co. v.*
*United States Dist. Court for W. Dist. Of Texas*,
   571 U.S. 49 (2013)....................................................................................................3

*Caduceus, Inc. v. University Physician Group*,
   Civ. A. No. 23-3415 (MEF) (LDW),
   2024 WL 3319405 (D.N.J. July 3, 2024)....................................................10, 11, 12

*C.I.N. Construction, LLC, v. Hunt Construction Group, LLC*,
   Civ. No. 08-5810(SDW), 2009 WL 2998965 (D.N.J. Sept. 18, 2009) ..................3

*City of Sterling Heights Police & Fire Retirement System v.*
*Reckitt Benckiser Group PLC ("Reckitt")*,
   No. 2:19-cv-15392-BRM-JAD, 2020 WL 7022654 (D.N.J. Nov. 30, 2020).........9

*Days Inns Worldwide Inc., et al., v. S&S Airport Hotel, LLC, et al.*,
   Civ. No. 23-3169, 2024 WL 1612324, at *1 (D.N.J. Apr. 15, 2024).........3, 11, 12

*Eastman v. First Data Corp.*,
   Civ. No. 10-4860 (WHW), 2011 WL 1327707 (D.N.J. Apr. 5, 2011).................13

*Krist v. Pearson Education, Inc.*,
   263 F. Supp. 3d 509 (E.D. Pa. 2017)................................................................4, 7

*Manopla v. Raymours Furniture Co. Inc.*,
   No. 3:17-cv-7649-BRM-LHG, 2018 WL 3201800 (D.N.J. June 29, 2018) ..........3

*In re: McGraw-Hill Global Education Holdings LLC*,
   909 F.3d 48 (3d Cir. 2018)....................................................................................4

# STATUTES & RULES

28 U.S.C. § 1391(b) ..........................................................................................1
28 U.S.C. § 1404(a) ....................................................................................1, 10

Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*.............................................2, 7, 10

Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.*.............................*passim*
   15 U.S.C. § 78j(b) ("Section 10b(5)")...................................................................1
   15 U.S.C. § 78aa(c) ("Section 27")................................................................1, 7

SEC Rule 10b(5), 17 C.F.R. § 240.10b-5 ..................................................................1

Co-Lead Plaintiffs Mohamed Soliman and Timothy Bluto ("Co-Lead Plaintiffs") submit this brief in opposition to the motion of Defendants Polestar Automotive Holding UK PLC ("Polestar"), Thomas Ingenlath, Johan Malmqvist, and Per Angsar (collectively, "Defendants") to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York ("SDNY").

## **INTRODUCTION**

On January 30, 2025, plaintiff John Britton filed the initial class action complaint (ECF No. 1) ("Complaint" or "Compl.") against Defendants in this District. The Complaint asserts claims on behalf of investors that purchased Polestar American Depositary Shares ("ADS") for purported violations of section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. The Complaint alleges that this venue "is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this judicial district." Compl. ¶ 4.

On May 12, 2025, Mohamed Soliman and Timothy Bluto were appointed by the Court as Co-Lead Plaintiffs for the putative class by Stipulation and Order (ECF No. 14).

On May 23, 2025, Defendants moved to transfer this action from this District to the SDNY (ECF No. 17). In their Brief (ECF No. 17-1) ("Defs. Br."), Defendants contend that transfer is warranted because the Complaint's claims "are subject to an exclusive forum selection agreement specifying the SDNY." Defs. Br. at 2. Defendants' contention lacks merit.

On June 20, 2025, Co-Lead Plaintiffs moved to consolidate *Rodriguez, et al., v. Gores Guggenheim, Inc., et al.*, Case No. 2:25-cv-05403-CCC-JBC (D.N.J.) with this Action (ECF No. 20). The motion to consolidate is pending.

The Exchange Act claims in the Complaint are not subject to the exclusive forum selection clause specifying the SDNY. Pursuant to Polestar's Annual Reports filed on Forms 20-F with the SEC, its Deposit Agreement, and its Articles of Association, the exclusive forum for those claims (and all claims arising under the Securities Act and Exchange Act) is *any* federal district court in the United States of America where jurisdiction exists to bring such claims.

With the Deposit Agreement forum selection clause nullified and unenforceable against Plaintiffs for the claims asserted in this action, Defendants' motion fails because, as Defendants concede, there are no exceptional circumstances that favor transfer of the action to the SDNY over this District. *See* Defs. Br. at 7-8. ("both th[is] District … and the SDNY are equally competent in litigating sophisticated federal securities actions[.]" *Id*. at 8.) Defendants' mere preference for

2

one venue over another is not a sufficient reason to grant transfer. Accordingly, the motion should be denied.

## ARGUMENT

Where, as here, an action is filed in a proper venue, the decision whether to transfer "falls in the sound discretion of the trial court." *Manopla v. Raymours Furniture Co. Inc.,* No. 3:17-cv-7649-BRM-LHG, 2018 WL 3201800, at \*2 (D.N.J. June 29, 2018) (citation and internal quotation omitted). In weighing the motion, the Court determines whether: (1) "the potential transferee forum … is one where the action 'might have been brought'"; and (2) " 'whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Days Inn Worldwide Inc., et al. v. S&S Airport Hotel, LLC, et al.,* No. 23-3169 (MEF)(JRA), 2024 WL 1612324, at \*1 (D.N.J. Apr. 15, 2024) (citing *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879 (3d Cir. 1994)).

However, the application of "a forum selection clause is a significant factor that figures centrally into the district court's calculus." *C.I.N. Construction, LLC, v. Hunt Construction Group, LLC*, Civ. No. 08-5810(SDW), 2009 WL 2998965, at \*4 (D.N.J. Sept. 18, 2009) (citation omitted). Where a forum selection agreement is the grounds for transfer, the analysis is different. *See Atlantic Marine Constr. Co. v. United States Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 60 (2013) (Forum selection clause should be "given controlling weight in all but the most exceptional

3

cases.") (internal quotations and citation omitted). Here, Defendants bear the burden to show that the Exchange Act claims in the Complaint are subject to an exclusive forum selection clause requiring that such claims be brought in the SDNY. *See, e.g., Air Canada & Aeroplan Inc. v. Localhost LLC*, C.A. No. 23-1177-GBW, 2024 WL 1251286, at *2 (D. Del. Mar. 14, 2024) ("A party that seeks to enforce a forum selection clause must first show that the claims and parties involved in the suit are subject to that clause.").

"The question of the scope of a forum selection clause is one of contract interpretation." *In re: McGraw-Hill Global Education Holdings LLC*, 909 F. Supp. 3d 48, 58 (3d Cir. 2018) (internal quotations and citation omitted). Any ambiguity in the contract "'usually is construed most strongly against the drafter when the other party has no voice in the preparation.'" *Krist v. Pearson Education, Inc.,* 263 F.3d 509, 514 (E.D. Pa. 2017) (applying New York law) (quoting *Hatco Corp. v. W.R. Grace & Co.-Conn.*, 59 F.3d 400, 406 (3d. Cir. 1995)).[1]

As explained below, the forum selection clause in the Deposit Agreement, by its terms, does not apply to the Exchange Act claims in the Complaint. By contrast, other documents Defendants submit in support of their motion (and which attach the

---

[1] In the Third Circuit, courts "use state law to determine the scope of a forum selection clause." *In re: McGraw-Hill Global Education Holdings LLC*, 909 F.3d at 58. The Deposit Agreement provides that it "shall be interpreted in accordance with, and all rights hereunder and thereunder and provisions hereof and thereof shall be governed by, the laws of the State of New York[.]" Kramer Decl. Ex. A at p. 45.

Deposit Agreement as an exhibit) explicitly provide that the federal district courts of the United States of America provide the exclusive forum for resolving such claims. Thus, Defendants have failed to meet their burden and the motion should be denied.

**I.   THE LITIGATION OF CO-LEAD PLAINTIFFS' EXCHANGE ACT CLAIMS IS APPROPRIATE IN THIS DISTRICT**

Defendants' motion acknowledge that the Complaint interposes Exchange Act claims. *See* Defs. Br. at 5. As explained in Polestar's public filings, "[t]he Polestar Articles *and* the Deposit Agreement provide that *the federal district courts of the United States of America* [*are*] *the exclusive forum for resolving any complaint asserting a cause of action arising under the Securities Act and the Exchange Act* …." 2023 20-F (Ex. B to Kramer Decl.) at p. 50, ECF 17-3, PageID: 429; 2024 20-F (Ex. C to Kramer Decl.) at p. 2 (ECF 17-3, PageID: 527).[2] They

---

[2] Article 143 of Polestar's Articles of Association likewise establishes that the federal district courts of the United States of America are the exclusive forum for the resolution of Securities Act and Exchange Act claims:

> 143.1  Unless the Company consents in writing to the selection of an alternative forum, the Courts of England and Wales shall, to the fullest extent permitted by law, be the sole and exclusive forum for:

> (a)      any derivative action or proceeding brought on behalf of the Company;

> (b)      any action, including any action commenced by a member of the Company in its own name or on behalf of the Company, asserting a claim of breach of any fiduciary or other duty owed by any director, officer or other

5

further state that "[t]he Polestar Articles provide that the federal district courts in the United States will be the exclusive forum for claims against Polestar under the Securities Act and the Exchange Act." *Id.* Therefore, litigation of the Complaint's Exchange Act claims in this District is appropriate.

Despite attaching Polestar's 2023 and 2024 Annual Reports filed on Form 20-F as exhibits to their motion to transfer, Defendants do not address that these disclosures confirm that the exclusive forum for the Exchange Act claims under the Articles of Association and the Deposit Agreement is the federal district courts of

---

employee of the Company (including but not limited to duties arising under the Act);

 (c) any action arising out of or in connection with these Articles or otherwise in any way relating to the constitution or conduct of the Company; or

 (d) any action asserting a claim against the Company governed by the "Internal Affairs Doctrine" (as such concept is recognised under the laws of the United States of America).

143.2  Unless the Company consents in writing to the selection of an alternative forum, *the federal district courts of the United States of America shall be the sole and exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act or the Exchange Act.*

143.3  For the avoidance of doubt, nothing contained in this Article 143 shall apply to any action or suits brought to enforce a duty or liability created by the Securities Act or the Exchange Act, or any claim for which the federal district courts of the United States of America are, as a matter of the laws of the United States, the sole and exclusive forum for determination of such a claim.

(emphasis added). A copy of the Articles of Association is attached as Exhibit A to the Declaration of Laurence Rosen ("Rosen Decl.").

6

the United States of America. In any event, their argument that such claim must be brought in the SDNY – and not in any other District including this one – lacks merit.

Defendants rely solely on the Deposit Agreement as support for their argument to transfer this action to the SDNY. Defendants' reliance is misplaced. Unlike Polestar's Articles of Association, the Deposit Agreement makes no specific reference to claims brought pursuant to the federal securities laws other than providing that "no provision of the Deposit Agreement or any ADR shall, or shall be deemed to, disclaim any liability under the Securities Act or the Exchange Act, in each case to the extent established under applicable U.S. laws." *Id*. § 7.8(b) (*see* Kramer Decl. Ex. A at 47, ECF 17-3, PageID: 397).[3] And, notably, venue for Exchange Act claims is limited only to the federal district courts of the United States of America. *See* 15 U.S.C. § 78aa(c). Nothing in the Deposit Agreement contradicts that conclusion.

To the extent there is ambiguity as to the application of the Deposit Agreement's forum selection clause, that ambiguity should be resolved against Polestar. *See Krist*, *supra*. Polestar's Annual Reports make clear its intention that, under the Deposit Agreements, among other things, "*the federal district courts of*

---

[3] *See also* Kramer Decl. Ex. A at A-26, ECF 17-3, PageID: 425; Kramer Decl. Ex. B § 7.8(b) at 47, ECF 17-3, PageID: 492; Kramer Decl. Ex. B at A-26, ECF 17-3, PageID: 520; Kramer Decl. Ex. C § 7.8(b) at 47, ECF 17-3, PageID: 595, Kramer Decl. Ex. B at A-26, ECF 17-3, PageID: 623.

*the United States of America will be the exclusive forum for resolving any complaint*

*asserting a cause of action arising under the Securities Act and the Exchange Act*

*…."*[4]

The 2023 Form 20-F further states:

> The *Deposit Agreements* also provide for exclusive forum in *state and federal* courts in the City of New York. *This forum selection provision in the Polestar Articles* will *not* apply to actions or suits brought to enforce any liability or duty created by the Securities Act, Exchange Act or any claim for which the federal district courts of the United States of America are, as a matter of the laws of the United States of America, the sole and exclusive forum for determination of such a claim. *The Polestar*

---

[4] The Schedule 14A Proxy Statement (the "Proxy Statement") filed by Gores Guggenheim, Inc., ("GGI") in connection with the merger through which Polestar became a publicly traded company, attached to the Rosen Declaration as Exhibit B, states as follows: "***The Post-Combination Articles and the Deposit Agreements may provide that the federal district courts of the United States of America will be the exclusive forum for resolving any complaint asserting a cause of action arising under the Securities Act and the Exchange Act***. … The Post-Combination Articles provide that unless the Post-Combination Company consents in writing to the selection of an alternative forum, the courts of England and Wales will, to the fullest extent permitted by law, be the sole and exclusive forum for (a) any derivative action or proceeding brought on behalf of the Post-Combination Company; (b) any action, including any action commenced by a member of the Post-Combination Company in its own name or on behalf of the Post-Combination Company, asserting a claim of breach of any fiduciary or other duty owed by any director, officer or other employee of the Post-Combination Company (including but not limited to duties arising under the Companies Act); (c) any action arising out of or in connection with the Post-Combination Articles or otherwise in any way relating to the constitution or conduct of the Post-Combination Company; or (d) any action asserting a claim against the Post-Combination Company governed by the internal affairs doctrine (as such concept is recognized under the laws of the United States of America). The Deposit Agreements will also provide for exclusive forum in state and federal courts in the City of New York. This forum selection provision in the Post-Combination Articles will not apply to actions or suits brought to enforce any liability or duty created by the Securities Act, Exchange Act or any claim for which the federal district courts of the United States of America are, as a matter of the laws of the United States of America, the sole and exclusive forum for determination of such a claim. The Post-Combination Articles provide that the federal district courts in the United States will be the exclusive forum for claims against ListCo under the Securities Act and the Exchange Act." Rosen Decl., Ex. B, p. 156.

> *Articles provide that the federal district courts in the United States will be the exclusive forum for claims against Polestar under the Securities Act and the Exchange Act.*

(emphasis added).[5]

The Articles of Association likewise provide that "*the federal district courts of the United States of America shall be the sole and exclusive forum for the resolution of any complaint asserting a cause of action arising under the Securities Act or the Exchange Act,*" and "[*f*]*or the avoidance of doubt, nothing contained in this Article 143 shall apply to any action or suits brought to enforce a duty of liability created by the Securities Act or the Exchange Act, or any claim for which the federal district courts of the United States of America are, as a matter of the laws of the United States, the sole and exclusive forum for determination of such a claim.*" Art. 143.2 & 143.3.[6]

---

[5] Even if the forum selection clause in the Deposit Agreement did control, and it does not, the cited language in the Forms 20-F constitutes Polestar's consent in writing to filing in any federal district court in the United States of America.

[6] Defendants' citation to *City of Sterling Heights Police & Fire Retirement System v. Reckitt Benckiser Group PLC*, No. 2:19-cv-15381-BRM-JAD, 2020 WL 7022654 (D.N.J. Nov. 30, 2020) ("*Reckitt*") is unavailing. There, unlike here, plaintiffs failed to show that the forum selection clause did not apply to their securities claims. *Id*. at *4. There, unlike here, *Reckitt* did not publicly state that the exclusive forum for plaintiffs' securities claims is the federal district courts of the United States of America.

*Furthermore*, the Deposit Agreement there contained no specific language concerning Exchange Act claims, nor were other sources put forth to clarify any latent ambiguity. *Reckitt*, 2:19-cv-15382, ECF No. 43-3.

Tellingly, Defendants relegate Polestar's Annual Reports to a footnote because the language therein compels a different result by designating a forum specific to causes of action arising under the federal securities laws. *See* Defs. Br. at 5, n.2.[7] Polestar's statements in the Forms 20-F and the Polestar Articles do what the Deposit Agreement does not – specify the venue for claims asserted pursuant to the Securities and Exchange Act, as any "Federal district court[] of the United States of America" including this Court.

## II.    THE PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF DENIAL OF THE MOTION

As the forum selection clause in the Deposit Agreement does not apply to the Exchange Act claims in the Complaint, Defendants bear "[t]he burden of establishing the need for a [28 U.S.C. § 1404(a)] transfer[.]" *Caduceus, Inc. v. Univ. Physician Group*, Civ. A. No. 23-3415 (MEF) (LDW), 2024 WL 3319405, at *1 (D.N.J. July 3, 2024). To assess whether movant has satisfied its burden, the Court conducts a two-step analysis. *Id.*

In the first step, the Court considers whether the action "'might have been brought'" in "the potential transferee forum" – in this instance, the SDNY. *Id.* at

---

[7] In downplaying the statements in the Forms 20-F in favor of their reading of the Deposit Agreement, Defendants tacitly concede that the statements regarding the Deposit Agreement are false and misleading.

*2(quoting *Jumara.* 55 F.3d at 879). Co-Lead Plaintiffs do not dispute that action could have been brought in SDNY.

With respect to the second step in the analysis, the Court must determine "'whether on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum.'" *Id*. (quoting *Jumara*, 55 F.3d at 879). For this step in the analysis, the Court considers twelve factors.

The first factor is the plaintiff's choice of venue, which "should not be lightly pushed aside." *Id*., 2024 WL 3319405, at *2; *see also Days Inns Worldwide Inc.*2024 WL 1612324, at *1 (D.N.J. Apr. 15, 2024) (same). While a plaintiff's choice of forum is given less consideration in a nationwide class action context, Defendants cannot escape the fact that a significant Polestar subsidiary and designated agent of service Polestar Automotive USA Inc., has offices in Mahwah, New Jersey.[8] Accordingly, this factor weighs in favor of denial of the motion to transfer.

The second factor, Defendants' preference is afforded little deference. *See Caduceus*, 2024 WL 3319405, at *3 ("A defendant's preference for a particular forum does not usually get much weight in a transfer analysis.") (quoting *Days Inn Worldwide Inc*., 2024 WL 1612324, at *2). Defendants have provided neither the

---

[8] *See* Kramer Decl., Ex. A, ECF 17-3, PageID: 2, p. 45, Page ID: 395; Ex. B, p. 45, ECF 17-3, PageID 490; Ex. C, p. 45, ECF 17-3, PageID: 593.

Court, nor Co-Lead Plaintiffs with any reasoning why their preference should receive more consideration than normal.

"The third factor is where the claims arose," which, as Polestar is headquartered in Sweden, is a neutral factor that weighs neither for nor against transfer. *Caduceus,* 2024 WL 3319405, at *3.

The fourth, fifth and sixth factors concern "the convenience of the parties and the litigation." *Id*. at *4. Defendants do not maintain that there would be any inconvenience in litigating the matter in this Court instead of SDNY. Thus, the plaintiff's choice of forum prevails here.

The seventh factor is whether a judgment might be more enforceable in one jurisdiction or another. *See id*. Defendants concede that this issue does not favor one District over another. *See* Defs. Br. at 7 ("[T]here are no enforceability of judgment issues between [this District] and the SDNY."). For the same reason, the eighth factor – "practical considerations that could make the trial easy, expeditious, or inexpensive" – on balance weighs in favor of remaining in this District. *Caduceus,* 2024 WL 3319405, at *4(quoting *Jumara*, 55 F.3d at 879). Further, the tenth factor, which weighs "local interest in deciding local controversies," and the eleventh factor – "the public policies of the relevant fora" - also tilt in favor of remaining in this District given the subsidiary's presence in New Jersey and not in SDNY. *Id*. at *5 (citing *Days Inns*, 2024 WL 1612324, at *3).

12

The ninth factor is the "relative administrative difficulty in the two fora resulting from court congestion." *Id*. at *4.  As each locale is densely populated and both courts are extremely busy, this factor is neutral. In any event, "the relative congestion of the respective courts' dockets is not a factor of great importance on a motion to transfer." *Eastman v. First Data Corp*., Civ. No. 10-4860 (WHW), 2011 WL 1327707, at *5 (D.N.J. Apr. 5, 2011).

The twelfth and final factor is irrelevant because diversity is not at issue given the federal law claims in the action.

On balance, the foregoing factors tilt in favor of litigating the Exchange Act claims in this District.

## CONCLUSION

Based on the foregoing, Co-Lead Plaintiffs respectfully request that Defendants' motion to transfer be denied.

Dated: June 23, 2025                    Respectfully submitted,

/s/ *Laurence M. Rosen*
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

13

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Malcom T. Brown
Matthew M. Guiney
Rourke C. Donahue
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Email: Brown@whafh.com
Email: Guiney@whafh.com
Email: Donahue@whafh.com

*Co-Lead Counsel for Co-Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this 23rd day of June, 2025, I served a copy of the forgoing document through the CM/ECF system upon all counsel of record.

*/s/ Laurence M. Rosen*
Laurence M. Rosen

15