# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRITTON, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-00840-CCC-JBC |
| Plaintiff, | |
| v. | **MOTION DAY: JULY 21, 2025** |
| POLESTAR AUTOMOTIVE HOLDING UK PLC, THOMAS INGENLATH, JOHAN MALMQVIST, AND PER ANSGAR, | |
| Defendants, | |
| FRANK RODRIGUEZ AND KINA THOMAS, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:25-cv-05403-CCC-JBC |
| Plaintiffs, | |
| v. | |
| GORES GUGGENHEIM, INC. N/K/A POLESTAR AUTOMOTIVE HOLDING UK PLC; ALEC E. GORES; ANDREW M. ROSENFIELD; MARK R. STONE; ANDREW MCBRIDE; RANDALL BORT; ELIZABETH MARCELLINO; NANCY TELLEM; THOMAS INGENLATH; JOHAN MALMQVIST; and PER ANSGAR, | |
| Defendants, | |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR <u>MOTION TO CONSOLIDATE</u>

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. POLESTAR DISTORTS THE FACTS AND THE CLAIMS, ATTEMPTING TO OBSCURE THE OBVIOUS COMMONALITY HERE .......................................... 1

III. POLESTAR'S CASES ARE READILY DISTINGUISHABLE ........................................ 3

IV. POLESTAR'S ARGUMENTS FAIL TO PERSUADE .......................................... 5

1. Efficiency ...................................................................................................... 5

2. Confusion ...................................................................................................... 6

3. Prejudice ....................................................................................................... 7

V. CONCLUSION ................................................................................................... 7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Braynina v. Pro. Claims Bureau, Inc.*,
  2015 WL 3971410 (E.D.N.Y. June 30, 2015) ........................................................................ 6

*In re Cent. Eur. Distribution Corp. Sec. Litig.*,
  2012 WL 5465799 (D.N.J. Nov. 8, 2012) ............................................................................. 3

*In re Datatec Sys., Inc. Sec. Litig.*,
  2006 WL 3095951 (D.N.J. Oct. 30, 2006) ............................................................................ 4

*In re Lucent Techs. Inc. Sec. Litig.*,
  221 F. Supp. 2d 472 (D.N.J. 2001) ................................................................................... 4, 5

*Pinkowitz v. Elan Corp., PLC*,
  2002 WL 1822118 (S.D.N.Y. July 29, 2002) .................................................................... 5, 6

*Ragan v. AppHarvest, Inc.*,
  2021 WL 5909116 (S.D.N.Y. Dec. 13, 2021) ...................................................................... 3

*Stires v. Eco Sci. Sols., Inc.*,
  2018 WL 5784817 (D.N.J. Feb. 14, 2018) ........................................................................... 4

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................................... 1, 3, 6, 7

Co-Lead Plaintiffs Mohamed Soliman and Timothy Bluto ("Co-Lead Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for an order consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a).

## I.      INTRODUCTION

Even though the two securities actions that Co-Lead Plaintiffs seek to consolidate follow from the same Restatement, Polestar resists consolidation and argues that litigation of the two class actions concerning the same accounting errors should proceed separately. What is more, Polestar has moved to transfer one of the actions, but not the other, to the Southern District of New York, and asks the Court to decide that motion first, apparently to have the actions litigated separately on either side of the Hudson River. Polestar's position appears intended to consume as many judicial and party resources as possible despite the fact that the two cases share common issues of law and fact and should be consolidated under Fed. R. Civ. P. 42(a) for efficiency, judicial economy and to minimize the risk of inconsistent verdicts. Polestar's arguments to the contrary are weak. Plaintiffs in both actions agree on consolidation, and the GGI Defendants take no position. Consolidation is warranted.

## II.     POLESTAR DISTORTS THE FACTS AND THE CLAIMS, ATTEMPTING TO OBSCURE THE OBVIOUS COMMONALITY HERE

In January of 2025, Polestar filed a Form 6-K, revealing to the market certain balance sheet errors that related to the accounting treatment of Polestar's unique tooling used in its manufacturing process (the "Restatement Announcement"). *See Britton* Action, Dkt. No. 1, ¶35. The Restatement Announcement informed investors that, due to these balance sheet errors, Polestar management had concluded that financial statements previously issued by the company should no longer be relied upon. *Id*. The *Britton* Action centers around that Restatement Announcement, alleging that these balance sheet errors revealed that Polestar's prior statements

had been actionably false and misleading. *Id*. ¶¶35-37.

The *Rodriguez* Action, which all Plaintiffs agree should be consolidated for the sake of efficiency and judicial economy, centers around the ***exact same*** Restatement Announcement. *See Rodriguez* Action, Dkt. No. 1, ¶¶61-63. In addition to rendering Polestar's previously filed SEC reports false and misleading, the *Rodriguez* Action alleges that the balance sheet errors contained in the Restatement Announcement rendered the Final Proxy Statement/Prospectus filed in connection with Polestar's SPAC transaction misleading for the same reason. *Id*. ¶¶88-101. Accordingly, while the *Rodriguez* Action added the defendants who were responsible for the pre-merger blank check company, GGI, the allegations are the same: The same balance sheet errors revealed the same flaws in Polestar's accounting processes and related financial projections, materially misleading investors. Unlike Polestar, GGI takes no position with respect to this motion.

To be clear, GGI is the blank check company that became Polestar in the merger transaction, and that included the financial projections Polestar provided for Polestar's fiscal years ending December 31, 2021 through December 31, 2025 in the Final Proxy Statement/Prospectus for the purpose of informing GGI stockholders so that they could vote on the merger with Polestar. *Id*. ¶¶29-38. On these facts, Polestar argues that the GGI claims are "distinct from the claims at issue in the *Britton* Action, as they involve, among other things, different factual allegations, different defendants, a different group of shareholders of a different company, and a different relevant time period," and constructs a related chart for illustrative effect. Opp. at 6-7, 10-11. The argument is misleading. Polestar's description of GGI stockholders as a "a different group of shareholders of a different company" – although perhaps true as a technical matter of corporate law – obscures the basic context: GGI shareholders became Polestar shareholders by relying on the financial statements and projections that are at issue here. Technical distinctions aside, the

cases are closely related, meriting consolidation.[1]

## III.    POLESTAR'S CASES ARE READILY DISTINGUISHABLE

Polestar does not contest that courts enjoy broad discretion to consolidate matters under Fed. R. Civ. P. 42(a), and relies primarily on two cases that involved very different considerations. *See* Opp. at 12-13.

Polestar claims "[c]ourts in this District have either deconsolidated or declined to consolidate securities class actions with more overlap than the Polestar Claims and the GGI Claims," citing *In re Cent. Eur. Distribution Corp. Sec. Litig.*, 2012 WL 5465799, at *8-12 (D.N.J. Nov. 8, 2012) ("*CEDC*"). *CEDC* is inapt for two glaring reasons. First, the court noted the significant factual differences in those cases, writing: "But the differences are stark. Based on the pleadings thus far, it appears to the Court that the Grodko claims solely involve the accounting actions of a CEDC subsidiary in Russia; whereas the CEDC I claims resolve around CEDC's management of its vodka portfolio." *Id*. at *9. To the contrary, the two cases to be consolidated here have no significant factual distinctions, let alone "stark" ones. They both allege that the balance sheet errors revealed in the Restatement Announcement rendered Polestar's financial projections misleading to investors. Second, the court in *CEDC* de-consolidated the actions out of a concern for preserving plaintiffs' claims, explaining: "Consolidation is unwarranted when prejudice would result. Arkansas & Fresno have indicated that they will not prosecute the Grodko action claims. The Court would prejudice Grodko and Nelis by subjecting them to a lead plaintiff that would neglect their claims." *Id*. That prejudice is missing here, where Plaintiffs in both actions

---

[1] Indeed, courts have consolidated actions involving purchaser classes on both sides of merger transactions in SPAC cases. *See Ragan v. AppHarvest, Inc.*, 2021 WL 5909116, at *9 (S.D.N.Y. Dec. 13, 2021). Nor is it unusual for securities actions to allege claims against pre-merger and post-merger defendants in the same case, despite the fact that the pre-merger and post-merger are technically "different companies." *See, e.g.*, *Zhou v. Faraday Future Intelligent Electric Inc. f/k/a Property Solutions Acquisition Corp., et al.*, 21-cv-09914 (C.D. Cal.).

support consolidation.[2]

In *In re Datatec Sys., Inc. Sec. Litig.*, the two matters at issue also contained much starker factual differences, as one case was limited to public documents and statements and related securities law violations, while the other included a series of private communications relating to a private placement and also alleged claims such as breach of fiduciary duty, negligent misrepresentation, and fraudulent conveyance. *See* 2006 WL 3095951, at *9 (D.N.J. Oct. 30, 2006). The cases here are limited to securities law violations based on public statements, all of which are false or misleading for the same reason.

While the two cases here are not identical – the *Rodriguez* case alleges that the Restatement Announcement revealed falsity reaching back to the Final Proxy Statement/Prospectus, filed on May 25, 2022, so it has a longer class period than the *Britton* case and also adds the GGI Defendants responsible for informing its stockholders leading up to the Polestar merger – they do not need to be. They both turn on the Restatement Announcement and share a common set of operative facts. *See, e.g.*, *Stires v. Eco Sci. Sols., Inc.*, 2018 WL 5784817, at *3 (D.N.J. Feb. 14, 2018) (consolidating class actions that share "the same set of operative facts during substantially the same time period," despite some differences in defendants and class periods).

Courts regularly grant consolidation motions in securities cases involving similar circumstances. In *In re Lucent Techs. Inc. Sec. Litig.*, for instance, the court dealt with multiple class actions centering around a company's financial projections and accounting processes following the company's announcement admitting accounting improprieties. 221 F. Supp. 2d 472,

---

[2] The *CEDC* court de-consolidated another action as well, also out of a concern for protecting plaintiff's ability to prosecute its case. *Id*. at 11 ("[t]he gravamen of Puerto Rico's objection was that Arkansas & Fresno should not be lead plaintiff for Puerto Rico's claims. De-consolidating the Puerto Rico action from CEDC I ensures that Arkansas & Fresno will not be lead plaintiff for the Puerto Rico action and that Puerto Rico can seek lead plaintiff appointment for its claims.").

480-82 (D.N.J. 2001). While the actions differed in terms of the time periods and the statements alleged to be false and misleading, the court consolidated the actions in the interests of economy and efficiency because they shared common questions of fact and law: the company's allegedly improper recognition of revenue. *See id; see also Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *2-4 (S.D.N.Y. July 29, 2002) (granting consolidation, collecting cases and explaining "although the various class actions which are the subject of this motion for consolidation do exhibit certain differences, they involve many common questions of fact and law and the differences which do exist do not outweigh the interests of judicial economy which would be served by consolidation."). This Court should do the same.

IV.     **POLESTAR'S ARGUMENTS FAIL TO PERSUADE**

Polestar makes three arguments for why the Court should exercise its discretion to decline consolidation. Each argument is unavailing.

**1.     Efficiency**

In arguing that "[c]onsolidation will not save judicial or party resources [b]ecause the Polestar Claims and GGI Claims raise distinct factual and legal issues," Opp. at 15, Polestar simply continues to ignore the core commonality in the two cases. Both cases focus on Polestar's accounting errors and the implications of the balance sheet errors revealed in the Restatement Announcement.

Polestar claims that "discovery may require the GGI Defendants to provide documents and testimony related to the preparation of the GGI Proxy—an issue irrelevant to the Polestar Claims." Opp. at 15. The claim, however, obscures Plaintiffs' theory that Polestar's financial projections provided for fiscal years ending December 31, 2021 through December 31, 2025, which appeared in the Final Proxy Statement/Prospectus for the purpose of informing GGI stockholders leading up to the merger with Polestar, were false and misleading due to the same accounting errors at

issue in the *Britton* case. Because the cases share this core set of operative facts, discovery, motion practice and trial will overlap considerably. The cases should be consolidated for efficiency, judicial economy, and to minimize the risk of inconsistent verdicts. *See, e.g.*, *Braynina v. Pro. Claims Bureau, Inc.*, 2015 WL 3971410, at *1 (E.D.N.Y. June 30, 2015) ("Rule 42(a) is an invaluable and economizing tool of judicial administration and should be liberally employed 'to expedite trial and eliminate unnecessary repetition and confusion'") (citation omitted).

## 2.    Confusion

Polestar next contends that the cases should not be consolidated so as not to risk confusing the jury. *See* Opp. at 16. This argument bears very little weight. While it is true that a 10(b) claim requires scienter while a 14(a) claim requires negligence and that the damages will differ, this is extremely common in securities cases. Securities Act claims (requiring negligence) and Securities Exchange Act claims (requiring scienter) are frequently brought in the same case. In fact, cases bringing both types of claims are often consolidated under Rule 42(a) in this type of situation. *See, e.g.*, *Pinkowitz v. Elan Corp., PLC*, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) ("Moreover, although almost every plaintiff in the above-captioned actions has alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 as well as Rule 10b–5 promulgated thereunder, at least two plaintiffs have, in addition to such claims, alleged, *inter alia,* violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933. Finally, although each of the class actions implicates many of the same defendants, a number of the lawsuits assert claims against specific defendants who are absent from the other class actions. However, none of these differences weigh against consolidation") (cleaned up).

Any risk of confusing a jury, should this case reach trial, is miniscule, and can be handled with a jury instruction as in any other case.

6

**3.      Prejudice**

Finally, Polestar makes a puzzling prejudice argument related to ensuring that the plaintiffs have standing to bring their claims against GGI. *See* Opp. at 16. This is a strange argument coming from Polestar, a defendant, especially where the plaintiffs in the *Rodriguez* action urge that the cases should be consolidated and the GGI Defendants take no position on the motion. Polestar's argument does not weigh against consolidation.

## V.      CONCLUSION

For the foregoing reasons, and the reasons set out in the opening brief, Plaintiffs respectfully request that the Court grant their motion and consolidate the Actions pursuant to Fed. R. Civ. P. 42(a).

Dated: July 14, 2025

Respectfully submitted,

/s/ Laurence M. Rosen
**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen
One Gateway Center, Suite 2600
Newark, NJ 07102
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Malcolm T. Brown
Matthew M. Guiney
Rourke C. Donahue
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 686-0114
Email: Brown@whafh.com
Email: Guiney@whafh.com
Email: Donahue@whafh.com

*Co-Lead Counsel for Co-Lead Plaintiffs*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2025, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>*/s/ Laurence M. Rosen*</u>
Laurence M. Rosen
